## BROWN v. BROWN.

(Supreme Court, Special Term, Orange County. February, 1908.)

1. DIVORCE—ALIMONY—MODIFICATION OF ORDER.

An order granted temporary alimony on condition that plaintiff try the issues and accept short notice of trial, and, in the event of her failure to do so, provided that defendant might apply for a modification of the order. At the trial defendant upon the technical objection that the complaint should have alleged that the parties who were married without the state had been residents of the state for one year, as expressly provided by Code Civ. Proc. § 1763, subd. 3, instead of that they were residents at the commencement of the action, had the case put over when the complaint might have been amended at the trial without delay. *Held*, that defendant, and not plaintiff, was responsible for the delay; and hence defendant could not obtain a modification of the order on that ground.

2. SAME—GROUNDS—FAILURE OF HUSBAND TO PROVIDE FOR WIFE.

If a husband has abandoned his wife 15 years before without proper cause, and thereafter the wife has, until within a few months before suing for a separation, supported herself, but, being ill and unable longer to do so, applies to the husband for support, which he refuses except upon condition that she give him a release, she is entitled to a separation from bed and board under Code Civ. Proc. § 1762, subd. 4, on the ground of her husband's refusal to provide for her, provided the residence of the parties permit the maintaining of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 95–102.]

3. PLEADING—MOTIONS—STRIKING OUT MATTER FROM COMPLAINT.

Where a complaint contains matter useless in setting forth the real cause of action, the unnecessary allegations may be stricken out on motion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1156–1162.]

Action by Marie Louise W. Brown against Judson A. Brown for a separation. Motions by defendant to vacate or modify a provision for temporary alimony, and to strike out certain allegations from the amended complaint, etc. Motion as to alimony denied. Motion to strike granted in part.

Benno Loewy and Alfred J. Patterson, for the motions.
James G. Meyer, opposed.

MILLS, J. This is an action for separation brought by wife against husband. The defendant now makes two motions—the one to vacate or modify, by reducing the amount, the provision for temporary alimony contained in an order made at Special Term December 28th last, and the other to strike out from the amended complaint certain allegations, or for other relief respecting the same, such as a bill of particulars.

The following appear to be the material facts in the matter: The order granting temporary alimony at the rate of $150 a month contains the following provision:

"And it is further ordered that the above alimony is allowed on condition that the plaintiff try the issues herein and accept short notice of trial, and, in the event of plaintiff's failure so to do, defendant may apply without prejudice for modification of this order."

Issue having been joined by due service of answer, the action was brought to trial at the Dutchess Special Term on the first of February instant. At the opening of the trial the counsel for defendant moved for judgment in defendant's favor, upon the ground that the action was for abandonment of the plaintiff by defendant at East Orange, N. J., on July 21, 1892; and that, therefore, upon the very face of the complaint, the defense of the statute of limitations pleaded in the answer was established, as the 10-year statute applied and the cause of action accrued with the completed act of abandonment, which the complaint alleged took place on July 21, 1892, more than 15 years before the commencement of this action. Defendant's counsel also contended that the complaint failed to state a cause of action because it did not allege that the parties had for one year been residents of this state, as required by subdivision 3 of section 1763 of the Code of Civil Procedure. The learned trial justice holding the Special Term apparently considered such objections to be well taken, and that the complaint needed amendment. It was proposed to amend the complaint then and there; but the counsel of defendant insisted that any sufficient amendment made would constitute, in effect, the allegation of a new cause of action, and was therefore too radical to be made at trial. The learned trial justice, perhaps out of abundant cause, sustained also this objection, and the trial of the case went over, leaving the plaintiff to serve an amended complaint under her right to serve such within the statutory time after service of answer, which time had not then expired. Such amended complaint has since been served. The motion to vacate or reduce the allowance of temporary alimony is now urged upon two grounds, viz.: (1) That the trial has been delayed through plaintiff's fault; and (2) that upon the merits too large a sum was originally allowed.

As to the first ground, it does not seem to me that the delay in the trial has been at all the fault of the plaintiff. The action was brought to trial very speedily indeed. The delay was then occasioned by the insistence of defendant's counsel (1) upon the technical objection that the complaint should have alleged that the parties had been residents of this state for one year, and not merely, as it did, that they were residents thereof now—i. e., at the commencement of the action—and (2) that the complaint must be treated as based upon the alleged abandonment of the plaintiff by the defendant in New Jersey in 1892. As to the first, if it be clear that the objection was well taken technically, and that the allegation of present residence of both parties within the state was not sufficient under subdivision 1 of section 1763 of the Code of Civil Procedure, it is plain that the defect could have been remedied by an amendment then and there made, and the trial proceeded with without delay. As to the second objection, I do not think that it was well taken. As I view the original complaint, it was not at all based upon the alleged abandonment in New Jersey, but was based upon the claim that the defendant many years before abandoned the plaintiff without proper cause; that thereafter, up to September last, the plaintiff had supported herself, but had then, through illness, become unable longer to support herself; and that she had, in that month, applied to the defendant for support, which he had refused to give, ex-

cept upon condition that she give him a release, which she was not bound to give and refused to give. The complaint, therefore, in my judgment at least, while inartistically drawn, was good, and alleged, aside from the question of residence of the parties, a cause of action under subdivision 4 of section 1762 of the Code of Civil Procedure; i. e., for the refusal of the defendant to provide for the plaintiff. If the defendant desired the action expeditiously disposed of upon the merits, he might, as it seems to me, have safely proceeded with the trial without insisting that the action must be treated as one for an abandonment consummated 15 years ago, and therefore barred by the statute of limitations. It is not my desire or purpose in any way to criticize the counsel of the defendant for urging upon the court at the trial his contention in this regard; but I do not think that the defendant should receive now any added consideration because of the delay, which was occasioned solely by that contention.

As to the merits of the claim for alimony and the propriety of the amount allowed, the justice holding the motion at Special Term, after fully hearing the same, passed upon those matters, and made and fixed the allowance in the expectation, doubtless, that a speedy trial of the issues might be had; and I perceive no ground to modify his conclusions so long as the plaintiff stands ready to have the case speedily tried. The motion as to alimony is therefore denied, upon condition that plaintiff accept short notice of trial for any Dutchess Term of this court in March or April next, at which the case can be tried.

As to the other motion, to strike out certain allegations of the amended complaint, it is clear that that complaint contains matter useless in setting forth what appears to me to be the real cause of action of the plaintiff as above indicated. It is evident that there is no purpose on the part of either party to live together, and therefore that there is no need for the plaintiff to account for their now living apart upon any other ground than the original abandonment. The defendant's duty as husband, to support his wife, is a continuing one, and was not discharged or ended by the fact that for 15 years after the abandonment she supported herself and did not call upon him for support. When, in September last, she made such demand of him and he refused it without just reason, if such be the case, her cause of action for neglect or refusal to support immediately arose. All in the amended complaint which does not aid in setting forth this cause of action seems unnecessary. Judged by this standard the following allegations of the amended complaint should be stricken out, viz., "Sixth," "Tenth," "Eleventh," and "Twelfth." The other allegations, while not all of them perhaps scientifically drawn, appear, to some extent at least, to aid in setting forth what I consider to be the plaintiff's real claim as to her cause of action.

The motion to strike out, therefore, is granted to the extent above indicated.